UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER SYMONS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:19-CV-635-PPS-MGG |

OPINION AND ORDER

Christopher Symons, a prisoner without a lawyer, filed a habeas corpus petition challenging the revocation of his probation in Howard County Superior Court. (ECF 1.) For the reasons stated below, the petition is denied.

**Factual and Procedural Background**

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mr. Symons's burden to rebut this presumption with clear and convincing evidence. *Id.* According to the opinion of the Indiana Court of Appeals on direct appeal, Mr. Symons was charged with dealing in methamphetamine and related offenses in 2015. *Symons v. State*, 112 N.E.3d 232 (Table), 2018 WL 4957204, at *1 (Ind. Ct. App. Oct. 15, 2018). He pleaded guilty to methamphetamine related offense in exchange for dismissal of the other charges. *Id.* He was sentenced to a term of 3,650 days (or 10 years) in prison. *Id.*

In March 2017, the trial court granted his motion for modification of his sentence and ordered him released on probation. *Id.* As a condition of his probation, he was

required to enroll in and complete the Howard County Re-Entry Court Program, "a highly-supervised rehabilitative program available, for a maximum of three years, to individuals on parole, probation, and community transition, as well as those in Community Corrections due to a sentence reduction or modification." *Id.* (citation omitted). Among other things, the program requires participants to "regularly report to caseworkers, participate in substance abuse treatment and counseling, comply with the terms of their case and treatment plans, abstain from using or possessing controlled substances, submit to regular drug testing, obtain employment, submit to searches of their persons and property, and refrain from committing criminal offenses." *Id.*

By all accounts, Mr. Symons's participation in the program was not successful. During the seven months he was enrolled in the program, he violated its terms several times by "travel[ing] to unauthorized locations and misrepresent[ing] the numbers of hours he had worked." *Id.* As to the unauthorized travel, his probation officer summarized his conduct as follows:

> While [he] was on the Howard County Re-Entry Program he was on a GPS bracelet with specific rules that he needed to follow. [He] was out of place on numerous occasions while on the bracelet and was sanctioned for these actions. [He] continued to disregard the rules after he served the sanction and continued to go where he wanted to go, when he wanted to go regardless of if he had permission or not.

*Id.* at *2. As a result, he was terminated from the program. *Id.* Thereafter, the state petitioned to revoke his probation. *Id.* at *1.

On February 18, 2018, Mr. Symons appeared at a revocation hearing and admitted violating the terms of his probation through unauthorized travel and

2

misrepresenting the number of hours he had worked. *Id.* After hearing arguments regarding possible sanctions, the trial court revoked his probation and ordered him to serve the remainder of his sentence in prison. *Id.* Among other factors, the court considered that "we gave him a tremendous opportunity by letting him out of prison when he still had 2,691 days hanging over his head." *Id.* The court concluded that if he had been unable to comply with the requirements of the re-entry program, which provided a high level of assistance and supervision, there was "no reason to believe that there's anything we can offer in this community that's going to be of benefit to Mr. Symons." *Id.*

Mr. Symons appealed, arguing that the court abused its discretion when it revoked his probation. (ECF 8-3 at 8-12.) The Indiana Court of Appeals found his argument waived under Indiana Appellate Rule 46(A)(8) as "unsupported by cogent reasoning or adequate citation to authority."[1] *Symons*, 2018 WL 4957204, at *4. The court alternatively concluded that "even expanding [his] arguments to their logical conclusion," a challenge to the revocation decision would be unavailing on the merits. *Id.* The Indiana Court of Appeals concluded that the trial court acted within its discretion in revoking Mr. Symons's probation based on the violation to which he admitted. *Id.* Mr. Symons sought transfer to the Indiana Supreme Court. (ECF 8-6.) The petition was denied. (ECF 1-1 at 1.) He did not seek post-conviction relief. (ECF 1 at 2.)

---

[1] In his appellate brief, he formulated his argument as that "the trial court abused its discretion by exercising no discretion" with respect to the revocation decision. (*See* ECF 8-3 at 9.)

In August 2019, Mr. Symons filed his federal petition. He raises four claims that are, at bottom, different iterations of the same argument: that the state trial court abused its discretion in revoking his probation. (ECF 1 at 3-4.) Specifically, he claims that the court "abused its discretion," that his sentence was "erroneous," that the court sentenced him under a "blanket policy" rather than giving due consideration to his individual circumstances, and that the court improperly considered certain factors as aggravators. (ECF 1 at 3-4.)

## Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 allows a district court to issue a writ of habeas corpus on behalf of a state prisoner who demonstrates that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, a petitioner must show that the adjudication of his claim in State court either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*.

"This standard is 'difficult to meet' and 'highly deferential.'" *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473

4

(2007)). In other words, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The respondent first argues that Mr. Symons's claims are not cognizable on federal habeas review. (ECF 8 at 3-4.) Mr. Symons does not clearly identify the source of law underlying his claims, but it can be discerned from his petition and traverse that he is claiming the state trial court did not adequately consider the mitigating circumstances and otherwise abused its discretion in revoking his probation, rather than placing him on "work release or in-home detention" for the remainder of his sentence. (ECF 1 at 3-4, 5; ECF 15 at 2-4.) In effect, he is arguing that the court erred under state law in revoking his probation. But that's a problem because a claim that the state court violated state law is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (observing that a federal habeas court has no authority to "second-guess state courts in interpreting state law"). Therefore, Mr. Symons's claims do not present a cognizable basis for granting him federal habeas relief.

Assuming the petition could be read to assert a viable federal claim, the respondent alternatively argues that any such claim is procedurally defaulted. (ECF 8 at 4-5.) Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund*, 959 F.3d at 832. The exhaustion requirement is premised on a recognition that

5

the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and the opportunity to do so has now passed. *Davila*, 137 S. Ct. at 2064; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

As the respondent points out, the Indiana Court of Appeals found Mr. Symons's arguments waived under Indiana Appellate Rule 46(A)(8) as "unsupported by cogent reasoning or adequate citation to authority." *Symons*, 2018 WL 4957204, at *4. A finding of waiver for lack of compliance with state procedures constitutes an adequate and independent state procedural ground that bars federal habeas review. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009); *see also Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir. 1992) ("A federal court reviewing a habeas petition is required to respect a state court's finding, under state law, of waiver or procedural default.").

Aside from this barrier, Mr. Symons did not present any *federal* claim to the state courts. To properly exhaust a claim under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner

6

must "present both the operative facts and the legal principles that control each claim" at each level of state review. *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). This includes alerting the state court to the "federal nature" of the claim. *Baldwin*, 541 U.S. at 33. Mr. Symons did not do that here. Instead, his challenge to the trial court's decision rested entirely on state law. (ECF 8-3; ECF 8-6.) Principles of comity preclude him from asserting a federal claim in this proceeding that he did not exhaust in state court. *Davila*, 137 S. Ct. at 2064. Therefore, even if his claims were cognizable, they are defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice. *Id.* Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented the petitioner from pursuing his constitutional claim in state court. *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice because he is actually innocent. *House v. Bell*, 547 U.S. 518, 536 (2006).

In his traverse, Mr. Symons argues that his defaults were caused by his attorney on direct appeal and should be excused. (ECF 14 at 1-2.) Attorney error rising to the level of ineffective assistance of counsel can amount to cause sufficient to excuse a procedural default. *Davila*, 137 S. Ct. at 2065. However, the exhaustion doctrine requires that an ineffective-assistance claim be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray*, 477 U.S. at 490. Mr. Symons did not

7

pursue post-conviction relief and has not otherwise presented an ineffective assistance of counsel claim to the state courts. Because he did not exhaust an ineffective-assistance claim in one complete round of state review, he cannot assert such a claim here to excuse his defaults. *Edwards*, 529 U.S. at 451-52. Therefore, the petition must be denied.

* * * * *

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Symons's claims are not cognizable on habeas review and, alternatively, are procedurally defaulted. The court finds no basis to conclude that jurists of reason could debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

## Conclusion

For the reasons set forth above, the petition (ECF 1) is DENIED, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this

case.

SO ORDERED on December 15, 2020.

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT